Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LUIS A. RIVERA QUIÑONES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | KLRA202300642 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Visita Familiar |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Por derecho propio, un integrante de la población correccional solicita que intervengamos con una supuesta determinación relacionada con las visitas que el recurrente puede recibir. No obstante, al no acreditarse que este Tribunal tenga jurisdicción sobre asunto alguno de su competencia, se desestima el recurso de referencia. Veamos.

El Sr. Luis A. Rivera Quiñones (el "Recurrente") solicita la intervención de este Tribunal a raíz de que, supuestamente, una funcionaria del Departamento de Corrección y Rehabilitación ("Corrección") le informó que se había "eliminado del expediente de visitas" a su "hija ... de veinte años, Yamilette Rivera Aponte" (la "Hija"). Expone el Recurrente que Corrección le informó que ello obedecía a que la Hija era la "parte perjudicada en tu caso".

El Recurrente nos solicita que le ordenemos a Corrección que se "anote [la Hija] en el expediente de visita". En apoyo de su solicitud, plantea que la Hija tiene 20 años y "se encuentra

embarazada". El Recurrente arguye que no tiene que agotar remedio administrativo alguno, aunque no explica por qué.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

> El Tribunal de Apelaciones conocerá de los siguientes asuntos:
>
> (a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.
>
> (b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.
>
> (c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo

establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus,* pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud. Véase, por ejemplo, *Morán v. Martí,* 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013).

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito aplicable al recurso instado ante nosotros. *Soto Pino, supra.* El hecho de que el Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

El escrito presentado ante nosotros por el Recurrente incumple de forma sustancial con los requisitos reglamentarios potencialmente aplicables. Véase, por ejemplo, 4 LPRA Ap. XXII-B, R. 55-59. En efecto, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre su solicitud. No acredita que Corrección haya emitido una decisión revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal decisión.

Además, el Recurrente incumplió con el requisito de someter un apéndice con copia de los documentos necesarios para colocarnos en posición de poder revisar la decisión cuestionada. Era necesario que el Recurrente acompañara todo escrito, resolución u orden que formara parte del expediente administrativo y que fuera pertinente a la controversia planteada en su recurso, incluyendo los que nos permiten determinar si tenemos jurisdicción para entender sobre su solicitud. El Recurrente no acompañó anejo alguno con su recurso.

En fin, el Recurrente no acreditó que exista, ni hizo referencia a, una decisión revisable de Corrección. Tampoco acreditó que, de existir la misma, el recurso se hubiese presentado dentro del término aplicable.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones